THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ISAIAS PERALTA-REYES,

        Plaintiff,

    v.

M. MORIKAWA et al.,

        Defendants.

CASE NO. C10-0317-JCC

ORDER

The Court has reviewed Plaintiff's Second Amended Complaint (Dkt. Nos. 9, 18), the Report and Recommendation of Magistrate Judge Brian A. Tsuchida (Dkt. No. 53), the parties' summary-judgment briefing (Dkt. Nos. 39, 49), Plaintiff's objections (Dkt. No. 56), Defendants' response (Dkt. No. 57), and the remaining record. The Court must make a de novo determination of those portions of a magistrate judge's report or specified proposed findings or recommendations to which a party objects. 28 U.S.C. § 636(b)(1). The Court adopts the Report and Recommendation and dismisses this action.

Plaintiff alleges that Defendants violated 42 U.S.C. § 1983 and his Fifth and Sixth Amendment rights by failing to issue *Miranda* warnings and thereafter interrogating him without the presence of counsel. However, a federal civil-rights plaintiff may be collaterally estopped from litigating a § 1983 claim by a state-court criminal judgment in which the same issue has already been litigated. *Allen v. McCurry*, 449 U.S. 90, 102 (1980). Here, the state court has

already reviewed the issues Plaintiff raises, the state court has entered a final judgment regarding those issues, Plaintiff was a party to that previous litigation, and the application of collateral estoppel will not work an injustice against him because he can appeal those state-court issues and seek habeas corpus relief once he has exhausted his state-court avenues of relief. *See Malland v. .Dep't of Retirement Sys.*, 694 P.2d 16, 21–22 (Wash. 1985) (describing the factors for collateral estoppel). Accordingly, the doctrine of collateral estoppel precludes this Court from relitigating the issues Plaintiff raises.

Contrary to Plaintiff's objection, *Allen v. McCurry*, 449 U.S. 90 (1980), applies to this case. Plaintiff contends that *Allen* is inapplicable because it involved a challenge under habeas corpus, but *Allen*, as well as other cases, plainly reviewed a state criminal defendant's subsequent suit under 42 U.S.C. § 1983. *See id.* at 91; *see also Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The various other out-of-circuit cases to which Plaintiff cites are inapplicable to this proceeding or do not undermine the merits of Defendants' position. Moreover, although the Court must liberally interpret Plaintiff's filings as a pro se litigant, his pro se status does not change the underlying substantive law. Importantly, Plaintiff has opportunities to appeal his state-court conviction and perhaps file a petition for a writ of habeas corpus once he has exhausted his state-court remedies.

Accordingly, the Court ADOPTS the Report and Recommendation. The Court DISMISSES this action with prejudice on the basis of collateral estoppel. The Court DENIES Plaintiff's "Motion to Object" (Dkt. No. 47) as moot. The Court DENIES Plaintiff's motion "For Entry of Default" (Dkt. No. 58). The Clerk shall send a copy of this Order to the parties and to Magistrate Judge Tsuchida.

//

//

//

//

ORDER
PAGE - 2

already reviewed the issues Plaintiff raises, the state court has entered a final judgment regarding those issues, Plaintiff was a party to that previous litigation, and the application of collateral estoppel will not work an injustice against him because he can appeal those state-court issues and seek habeas corpus relief once he has exhausted his state-court avenues of relief. *See Malland v. .Dep't of Retirement Sys.*, 694 P.2d 16, 21–22 (Wash. 1985) (describing the factors for collateral estoppel). Accordingly, the doctrine of collateral estoppel precludes this Court from relitigating the issues Plaintiff raises.

Contrary to Plaintiff's objection, *Allen v. McCurry*, 449 U.S. 90 (1980), applies to this case. Plaintiff contends that *Allen* is inapplicable because it involved a challenge under habeas corpus, but *Allen*, as well as other cases, plainly reviewed a state criminal defendant's subsequent suit under 42 U.S.C. § 1983. *See id.* at 91; *see also Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The various other out-of-circuit cases to which Plaintiff cites are inapplicable to this proceeding or do not undermine the merits of Defendants' position. Moreover, although the Court must liberally interpret Plaintiff's filings as a pro se litigant, his pro se status does not change the underlying substantive law. Importantly, Plaintiff has opportunities to appeal his state-court conviction and perhaps file a petition for a writ of habeas corpus once he has exhausted his state-court remedies.

Accordingly, the Court ADOPTS the Report and Recommendation. The Court DISMISSES this action with prejudice on the basis of collateral estoppel. The Court DENIES Plaintiff's "Motion to Object" (Dkt. No. 47) as moot. The Court DENIES Plaintiff's motion "For Entry of Default" (Dkt. No. 58). The Clerk shall send a copy of this Order to the parties and to Magistrate Judge Tsuchida.

//

//

//

//

DATED this 7th day of July 2011.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3